**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDRIC TAYLOR,<br><br>           Petitioner,<br><br>   v.<br><br>SEAN MOORE, Warden,<br><br>           Respondent. | Case No. 2:22-cv-08708-FMO (JPR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("Report") of the United States Magistrate Judge. (ECF No. 18.) Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

It is undisputed that the Petition is facially untimely by more than ten months. (Report at 7 and n.4.) The Report concluded that Petitioner failed to satisfy the "actual innocence" exception of *Schlup v. Delo*, 513 U.S. 298 (1995), and recommended that the Petition be dismissed as untimely. For the following reasons, Petitioner's Objections to the Report (ECF No. 17) do not warrant a change to the Magistrate Judge's findings or recommendation.

    Petitioner objects that the Report rejected his evidence as "not new." (Objections at 6-7.) This objection mischaracterizes the Report, which did not find that Petitioner's evidence was "not new" in its entirety. (Report at 11.) Instead, the Report found that the jury had already heard evidence that Petitioner was not the primary account holder for the phone number at the time of the crime. (Id.) The Report reasonably found that this circumstance made it less likely that information from the investigative reports, describing other users of the phone number, would have had a significant impact on the jury. *See Lee v. Lampert*, 653 F.3d 929, 944-45 (9th Cir. 2011) (holding that evidence of actual innocence failed to satisfy the *Schlup* standard where, in part, it was similar to evidence that the jury heard at the trial).

    Petitioner further objects that the Report assessed the credibility of the new evidence without first holding an evidentiary hearing. (Objections at 7, 9-10.) To the contrary, "the Court is not required to test the new evidence by a standard appropriate for deciding a motion for summary judgment. . . . Instead, the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332 (internal citations omitted). Moreover, a federal court is not required to hold an evidentiary hearing if it assumes the new evidence is "credible" but ultimately concludes that it "did not adequately support [Petitioner's] actual innocence claim." *Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014). Here, even assuming that the two investigative reports were credible, they would not adequately support Petitioner's actual innocence claim. The investigative reports say nothing about who possessed the phone in late April 2010, when the crime occurred. (Report at 14).

    Petitioner further objects that the Report applied the wrong legal standard of actual innocence. (Objections at 8.) A gateway claim of actual innocence (which is being asserted here to overcome an untimeliness bar) requires less convincing proof

than a freestanding claim of actual innocence. *House v. Bell*, 547 U.S. 518, 555 (2006); *Schlup*, 513 U.S. at 316. Contrary to Petitioner's objection, the Report did not apply the wrong legal standard. The applicable standard requires new evidence that "casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not . . . affirmatively proving innocence[.]" *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002) (*en banc*). Based on the Report's analysis, Petitioner's new evidence did not undercut the reliability of the proof of guilt. (Report at 11-16.) Notably, the new evidence said nothing about who possessed the phone in late April 2010, when the crime occurred. (*Id.* at 14.)

Petitioner further objects that the Report unreasonably found he was not diligent in presenting the new evidence. (Objections at 9.) The Report found that Petitioner's delay of three or more years in presenting the new evidence to the state courts weighed heavily against its credibility. (Report at 15.) Petitioner points out that only one year elapsed between his direct appeal and the state habeas proceeding in which he presented the new evidence, and that the COVID-19 pandemic delayed the investigation. (Objections at 9.) It was not unreasonable, however, for the Report to measure the delay from the three-year period from the time of Petitioner's trial in 2017 to the time of his state habeas proceeding in 2020. *See Chestang v. Sisto*, 522 F. App'x 389, 391 (9th Cir. 2013) (measuring delay from when the events "were within [petitioner's] knowledge"). In any event, the Report considered the delay "not discretely, but as part of the assessment whether actual innocence has been convincingly shown[.]" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013). As part of that complete assessment, the Report did not rely solely on delay, but cited several other reasons why actual innocence had not been shown: the jury already knew that Petitioner was not the account holder, the new evidence was not reliable, the new evidence pointed to a possible user who had died, and the new evidence was silent about who used the phone at the time of the crime. (Report at 11-15.)

Finally, Petitioner objects that, during an evidentiary hearing, his "friends and common law wife would testify under oath as to the fact that [Petitioner] never possessed the relevant phone." (Objections at 9-10.) But Petitioner has failed to submit evidence from these witnesses, explain why they were unable to testify at trial, or even identify who they are. An evidentiary hearing is unwarranted under these circumstances. *See Bannister v. Delo*, 100 F.3d 610, 617 (8th Cir. 1996) (rejecting argument that an evidentiary hearing is necessary "to enable the petitioner to develop evidence" and recognizing that "it is the petitioner's, not the court's, burden to *support* his allegations of actual innocence by *presenting* new reliable evidence of his innocence) (emphasis in original, citation omitted).

Based on the foregoing, IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Respondent's Motion to Dismiss (ECF No. 9) is granted; and (3) Judgment shall be entered denying the Petition as untimely and dismissing this action with prejudice.

Dated this 21st day of July, 2023

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE